IN RE FRANCISCO LÓPEZ, JR., Petitioner.

No. 7.—Decided November 16, 1925.

1. ATTORNEYS—ADMISSION TO BAR WITHOUT EXAMINATION.—According to Act No. 17 of 1925 (p. 134) the Supreme Court may admit any person to the bar without examination if it is satisfied from the evidence submitted that he has practiced as a lawyer in the offices of attorneys authorized to practice law.

2. ID.—ID.—EVIDENCE.—The evidence submitted to the Supreme Court in relation to the petitioner's practice should be of such a nature as to lead the said court to the conclusion that he has practiced as a lawyer in the office of another authorized attorney.

3. ID.—ID.—ID.—When the affidavits submitted by the petitioner in relation to his practice as an attorney contain no facts from which the court may deduce that he has so practiced, but affirm that the petitioner has practiced as an attorney during a certain time, that evidence is insufficient and the petition for admission without examination will be denied.

Petition for admission to practice law without examination. *Denied.* The petitioner appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

The petitioner asks for admission to the bar without examination, alleging that more than ten years ago he was graduated in law from an accredited university of the United States and that for more than five years he has practiced the profession in various offices of lawyers authorized to practice. He exhibited with his petition the diploma and affidavits of practicing attorneys to the effect that the petitioner practiced law in their offices during certain times which sum up more than five years.

[1] Act No. 17 of 1925 (p. 134) gives the right of admission to practice law without examination to any person who, having been graduated as a lawyer from any accredited university of Europe or of the United States at least ten years prior to the approval of the Act, "proves to the satisfaction of the Supreme Court that he has practiced for at least five (5) years in the office of any lawyer authorized by the Supreme Court of Porto Rico . . ."

[2, 3] The terms of that act show that in order that this court may admit any person to practice the profession of law without examination it must be satisfied by the evidence submitted to it that he has practiced as a lawyer in offices of lawyers authorized to practice their profession; therefore the evidence should be of such a nature as to lead this court to the conclusion that the said person has practiced as a lawyer in the office of another who is authorized to practice, and consequently the evidence submitted should state facts and not conclusions from which we may conclude that the petitioner has practiced as a lawyer in the

office of another.  This court can not be bound by the opinions of the affiants that the petitioner has practiced as a lawyer, and as the affidavits submitted in this case contain no facts on which to base a deduction that he had such practice, but affirm only that the petitioner has practiced as a lawyer during a certain time, we do not find them sufficient and for that reason the petition is denied.

Mr. Justice Wolf took no part in the decision of this case.